JUDGE McMAHON

11 CIV 3984

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROBINSON MANRIQUE,

           Plaintiff.

-against-

THE CITY OF NEW YORK, DETECTIVE
THOMAS PESICK, DETECTIVE RAMU
HILLER, P.O. JOHN DOE 1, and POLICE
OFFICER JOHN DOE 2,
Individually and in their Official Capacities,

           Defendants.
------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, ROBINSON MANRIQUE, by and through his attorneys, **Fisher, Byrialsen & Kreizer, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and DETECTIVES THOMAS PESICK AND RAMU HILLER, POLICE OFFICER JOHN DOE 1 and POLICE OFFICER JOHN DOE 2, as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff Robinson Manrique filed a Notice of Claim on April 5, 2010, with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff Robinson Manrique was and is a citizen of the United States and was residing in Brooklyn, New York at the time of the incident.

9. At all times relevant hereto defendant The City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

10. At all times relevant to this action, Defendants Detectives Pesick and Hiller Officers John Doe 1 and John Doe 2 are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

13. At all times relevant hereto and in all their actions described herein, Defendants, Detectives Pesick and Hiller, Police Officer John Doe 1 and Police Officer John Doe 2 were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

14. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## FACTS

15. On January 5, 2010, at approximately 6:30 p.m., Plaintiff was seated in the passenger seat of a vehicle in the vicinity of 177th Street between Audubon and St. Nichols in Manhattan.

16. Plaintiff, is brother and their friend were inside the vehicle.

17. The defendants pulled the vehicle over at 183 St. and Broadway.

18. Neither Plaintiff, nor anyone else in the vehicle were doing anything illegal or apparently illegal or even suspicious.

20. When defendants approached the vehicle one of them screamed "he's trying to swallow it" while pointing at plaintiff.

21. Plaintiff was not trying to swallow anything but defendants pulled him out of the car by force and began choking and punching plaintiff while screaming "spit it out".

22. Plaintiff was then arrested for tampering physical evidence, possession of marijuana and resisting arrest.

21. Plaintiff was then taken to New York Presbyterian Hospital where he was treated for facial trauma and pain to his throat from being choked.

22. At the hospital Plaintiff requested that he be drug tested, x-rayed and have his stomach pumped to show that there was no Marijuana in his system.

23. All the tests performed by the hospital were negative for Marijuana and Plaintiff was released from the hospital after about 6-8 hours.

23. Plaintiff was eventually taken to Central Booking where he was detained for 36-48 hours before seeing a judge.

24. Bail was fixed and posted and Plaintiff spent another 8 hours in custody before finally being released.

25. Plaintiff's prosecution lasted for 4 months before he was given an adjournment in contemplation of dismissal.

26. On or about April 5, 2010 and within ninety (90) days of the incident, a Notice of

Claim on behalf of Plaintiff was served upon NYC.

27. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

28. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

31. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

35. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

38. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

39. As a result of the excessive force and brutality, Plaintiff sustained substantial pain and injury to his head, and he has endured serious emotional and psychological distress.

40. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF: ASSAULT AND BATTERY

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in

paragraphs 1 through 40 with the same force and effect as if fully set forth herein.

42. By the aforementioned actions, the Defendants did inflict assault and battery upon the Plaintiff. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, mental anguish, costs, and expenses and were otherwise damaged and injured.

44. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## FALSE ARREST

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

46. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

47. As a result of his false arrest, Plaintiff was subjected to humiliation, mental anguish, ridicule, and disgrace and was deprived of his liberty. Plaintiff was discredited in the minds of many members of the community.

48. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF: FALSE IMPRISONMENT

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

50. As a result of his false imprisonment, Plaintiff was subjected to humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty. Plaintiff was discredited in the minds of many members of the community.

51. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SIXTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered 1 through 50 with the same force and effect as if fully set forth herein.

53. Defendants NYC, Defendants Detectives Pesick and Hiller, Police Officer John Doe 1, and Police Officer John Doe 2 engaged in extreme and outrageous conduct beyond all possible bounds of decency when they beat Plaintiff.

54. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff when they beat him.

55. Defendants Detectives Pesick and Hiller, Police Officer John Doe 1, and Police Officer John Doe 2 outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

56. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

58. Defendant Police Officers used excessive and unreasonable force during the stop, search, and arrest of Plaintiff despite a lack of force or resistance by Plaintiff, notwithstanding knowledge that said force would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

59. Defendant Police Officers who were not involved in the beating failed to protect Plaintiff from the violation of his civil and constitutional rights by the other Defendants' use of excessive and unreasonable force against Plaintiff.

60. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual

9

Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

62. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

63. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

64. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

67. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

68. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of

force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

69. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.    To be protected against violations of her civil and constitutional rights;

    d.    To be free from intentional assault, battery, and infliction of emotional distress;

    e.    Not to have cruel and unusual punishment imposed upon her; and

    f.    To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Compensatory damages in the amount of FIVE HUNDREND THOUSAND ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
June 13, 2011

Respectfully submitted,

_____
David Fisher, Esq. (DF5541)

Fisher, Byrialsen & Kreizer, PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(347) 284-0098